IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02447-MSK-MEH

DILIP CHOPRA, an individual,

    Plaintiff,

v.

TOWNSEND, TOWNSEND AND CREW LLP, a California limited partnership,
DARIN GIBBY, an individual, and
CHAD HILYARD, an individual,

    Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on the Plaintiff's Response **(#5)** to the Court's Order **(#4)** directing the Plaintiff to show cause why his claims should not be dismissed for lack of subject matter jurisdiction. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

This is a legal malpractice action. The Plaintiff asserts claims against his former attorneys for negligence and breach of fiduciary duty under Colorado law. In specific, he claims that the Defendants failed to respond to Office Actions from the United States Patent and Trademark Office and abandoned his patent applications.

The Plaintiff's claims are premised upon two patent applications, one referred to as the '883 Patent Application, and the other referred to as the '017 Patent Application. Both pertain to "online ordering technology", *i.e.*, a system and method for ordering products and services on the internet. The Plaintiff alleges that after these two patent applications were abandoned, his

competitor obtained a patent in 2006 which covers online ordering technology similar to that claimed in the '883 and '017 Patent Applications. The Plaintiff claims that if the '883 patent had been issued, the competitor's patent would not have been issued, and the competitor would have had to obtain a license from the Plaintiff to use the ordering technology. Therefore, he claims damages in this case premised upon the amount of his competitor's royalties.

The Plaintiff contends that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which provides:

> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

The Plaintiff contends that this action arises under patent law, because his "right to relief necessarily depends on resolution of a substantial question arising under the patent laws of the United States of America[.]" He asserts that determination of the amount of damages depends upon the application of patent law, because he must prove that if his '883 patent had been approved, then his competitor would have infringed the '883 patent. For this proposition, he cites to *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.,* 504 F.3d 1262 (Fed. Civ. 2007), *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), and *Immunoconcept LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007).

For this Court to have jurisdiction over the Plaintiff's claims, the "well-pleaded complaint [must] establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *See Christianson*, 486

2

U.S. at 808-09. If a plaintiff asserts alternative theories for recovery, then patent law must be essential to each theory in order for the plaintiff's right to relief to depend upon a substantial question of patent law. *Id.* at 810-11. In addition, if there are reasons which are completely unrelated to federal patent law why the plaintiff may or may not be entitled to relief, then the plaintiff's claim does not arise under federal patent law. *Id.* at 810-12.

The Tenth Circuit has not addressed whether a claim alleging legal malpractice premised upon the failure to prosecute a patent application arises under federal patent law. Following *Christianson*, the Fifth Circuit recently determined that a legal malpractice case arose under federal patent law because the cause of action against the attorney required proof that the attorney caused the plaintiff's damages in the underlying patent matter, and this would require adjudication of the merits of an infringement claim. *See Air Measurement Technologies, Inc.*, 504 F.3d at 1268-71. The Fifth Circuit viewed this as a "case within a case," *i.e.*, a patent case within a malpractice case. Similarly, the Federal Circuit determined that a legal malpractice case arose under federal patent law where the district court was required to determine the scope of a patent's claims. *Immunoconcept, LLC,* 504 F.3d at 1284-86.

Here, the Plaintiff's claims are not created by any Act of Congress, and indeed, he asserts no federal claims at all. However, the Plaintiff's Complaint suggests that in order to establish the element of damages on either of his claims against the Defendants, the Plaintiff necessarily has to prove that his '883 Patent Application would have been successful, and that his competitor's patent application would not have been successful. Thus, his well-pleaded Complaint arguably establishes that his right to relief depends upon resolution of a substantial question of federal patent law.

3

At present, the Plaintiff's allegations are sufficient to invoke this Court's jurisdiction. This may change, however - for example, if the Defendants concede the amount of damages that the Plaintiff may recover in the event that there was malpractice. If such event, there would be no substantial question of federal patent law in this case.

**IT IS THEREFORE ORDERED** that the Order to Show Cause **(#4)** is **DISCHARGED**.

Dated this 13th day of February, 2008

          **BY THE COURT:**

          Marcia S. Krieger
          United States District Judge