IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02447-MSK-MEH

DILIP CHOPRA, an individual,

    Plaintiff,

v.

TOWNSEND, TOWNSEND AND CREW LLP, a California limited partnership; DARIN GIBBY, an individual and CHAD HILYARD, an individual;

    Defendants.

---

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

---

    It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

1. Pursuant to Fed. R. Civ. P. 26(c), any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party to the above-captioned lawsuit ("Party") or third party to contain or constitute: (1) nonpublic personal information or (2) trade secrets and/or confidential or proprietary information of such Party or third party may be designated by any Party or third party as "Confidential" or "Highly Confidential" (collectively, "Confidential Information").

2. Confidential Information will be designated after review by an attorney for the producing party by stamping the word(s) "Confidential" or "Highly Confidential" on each page of any document or, for non-documentary information, otherwise identifying such information with the appropriate designation. If a producing party inadvertently fails to mark Confidential Information upon its production, such party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice. Thereafter such Confidential Information shall be governed by the provisions of this Order; however, if, prior to receipt of such written notice, such Confidential Information shall have been provided to a person or entity who otherwise would not have been entitled to receive it had it been appropriately marked in the first instance,

such shall not be deemed a violation of this Order.

3. Information designated "Confidential" may be shown only to:

    i. Outside counsel of record for any Party and any paralegal, stenographic personnel, clerical personnel, photocopy service personnel, document management personnel (including coders and data-entry personnel), and secretarial personnel employed by outside counsel;

    ii. Parties to this action, including in-house counsel and employees whose functions require access to such Confidential Information, and persons employed by an insurer of a Party whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

    iii. Court personnel including but not limited to judges, judicial clerks, stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

    iv. Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

    v. Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

    vi. Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony or other evidence of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information; and

    vii. Any person as ordered by the Court.

4. Any Party to this Protective Order may designate any information, document, or thing produced in connection with this litigation as "Highly Confidential." Such designation shall apply only to materials and information of a proprietary nature the disclosure of which will reasonably pose a commercial disadvantage to the producing Party or a non-party holding the proprietary rights thereto. Any information designated as "Highly Confidential" shall not be disclosed to the individuals and entities listed in Paragraph

3(ii) above. "Highly Confidential" information may be disclosed to the individuals and entities listed in Paragraphs 3(i) and 3(iii) through (vii), to the extent that such disclosure does not also result in a disclosure to an individual or entity listed in Paragraph 3(ii).

5. All information and materials designated as Confidential Information shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose.

6. Each person who is permitted to see Confidential Information shall first be shown a copy of this Protective Order and shall be required to execute an Acknowledgement of Protective Order in the form attached hereto as Exhibit A. By signing the Acknowledgement of Protective Order, the individual agrees to be bound by the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado (the "Court") for purposes of enforcement of the Protective Order. Signed Acknowledgement Forms shall be kept by the disclosing attorney. If ordered by the Court, the signed Acknowledgement Forms will be provided to the Court under seal. The Parties agree that the rights and obligations of this Protective Order shall apply to any subsequent parties who may be joined in this action who agree to be bound by the terms of this Protective Order. A Party that receives Confidential Information from another Party to this agreement shall not, absent a Court Order, disclose any such information to a subsequent party unless that subsequent party has agreed in writing to be bound by the terms of this Protective Order.

7. If a Party believes that information designated or sought to be designated as Confidential Information does not warrant such designation, the Party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the Parties within 10 days or such other time as the Parties may agree, either Party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the designating party to demonstrate the Confidential Information designation is proper pursuant to this Protective Order.

8. At the time of a deposition or within 30 days after receipt of a deposition transcript, a party may designate as "Confidential" or "Highly Confidential" specific portions of the transcript or deposition exhibits which contain Confidential Information pursuant to the standards described above. The designation shall be made orally on the record in a deposition or in a writing served on all counsel. If Confidential Information is designated as "Highly Confidential" during the deposition or within 30 days thereafter, the provisions of this Protective Order shall apply upon that designation. If no such "Highly Confidential" designation is made during the deposition or within 30 days thereafter, the entire deposition transcript and all deposition exhibits will be treated as "Confidential" for the 30-day period. No objection shall be interposed at a deposition that an answer would elicit Confidential Information unless individuals are present

during the deposition who are not authorized to learn of such Confidential Information. In the event Confidential Information is elicited during a deposition when individuals are present who are not entitled to learn of the same, but an objection is not made at the time of the deposition, the receipt of such information during the deposition by the unauthorized individual shall not be deemed a violation of the Order.

9. Confidential Information, including pleadings, briefs, or other papers quoting or discussing Confidential Information, may be filed with the Court only if the party filing the same has filed an appropriate Motion under the local rules of this Court asking that such Confidential Information and the pleadings, briefs and other papers quoting or discussing such information be filed under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3. Where possible, only the confidential portions of the documents filed with the Court shall be kept under seal. All documents filed under seal shall be kept under seal until further order of the Court. The Parties agree to cooperate to de-designate Confidential Information or redact Confidential Information from Court filings to the largest extent practicable so as to minimize the necessity to file information under seal.

10. Nothing herein shall restrict a Party: (1) from using or disclosing material obtained by such Party independent of discovery in this action; or (2) from disclosing its own Confidential Information as it deems appropriate; or (3) from making any disclosures ordered by the Court. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. Knowing and intentional disclosure of a Parties' Confidential Information in a non-confidential manner shall be deemed a waiver of the right to later claim that the information is Confidential Information.

11. The inadvertent production of any document or other information during discovery in this lawsuit shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No Party or entity shall be held to have waived any rights by such inadvertent production so long as the receiving Party is notified within thirty (30) days after the discovery of such inadvertent production. Upon written request by the inadvertently producing Party or entity, the receiving Party (a) shall destroy any electronic copies of the documents and return the original documents and all physical copies except for one copy of such documents which shall be segregated in a sealed envelope and (b) shall not use or disclose such information to any person or entity except the Court for any purpose until the Court has determined on proper Motion whether the information was disclosed "inadvertently" and whether and to what extent it may further be used in connection with the litigation, or until the parties have otherwise entered into a written agreement as to the disposition and use of such information.

12. The provisions of this Protective Order are without prejudice to the right of any Party to this Protective Order to:

   i. Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under Colorado or federal law, material as to which the producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to Colorado or federal law;

   ii. Seek to modify or obtain relief from any aspect of this Protective Order; or

   iii. Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order. This Protective Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

13. If at any time in the future, any non-party demands by subpoena the production of Confidential Information governed by this Protective Order, the Party served with the non-party subpoena must notify the producing party within seven (7) business days of the receipt of the subpoena or at least 48 hours before compliance with the subpoena, whichever is earlier, in order to allow the disclosing Party an opportunity to protect its interests.

14. Within 60 days of the termination of this litigation in its entirety and any appellate process, the Confidential Information, including originals and all copies, shall be returned to the producing Party or destroyed. Also, all individuals who received Confidential Information shall certify in writing that such information was returned or destroyed.

15. The terms of this Protective Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

16. This Protective Order shall survive the termination of this case, and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

The foregoing STIPULATED PROTECTIVE ORDER is hereby **ADOPTED** and **ENTERED** as an **ORDER** of the Court on this 16th day of July 2008.

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED BY THE PARTIES:

*Counsel for Defendants*

*s/ Kent Modesitt*
Daniel M. Reilly, Esq.
Larry Pozner, Esq.
Kent Modesitt, Esq.
Katherine Roush, Esq.
REILLY POZNER & CONNELLY LLP
511 Sixteenth Street, Ste. 700
Denver, Colorado 80202

*Counsel for Plaintiff*

*s/ Ryan C. Gill*
Ryan C. Gill, Esq.
C. Michael Montgomery, Esq.
MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, L.L.P.
1775 Sherman Street, 21st Floor
Denver, Colorado 80203


*s/ Brian D. Smith*
Brian D. Smith, Esq.
BRIAN D. SMITH, P.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202

# EXHIBIT A
## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1. My full name is _____

2. My address is _____

3. My present employer is _____

4. My present occupation or job description is _____
   _____
   _____

5. I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any "Confidential Information" (as defined in the Protective Order) to any persons, except as allowed under the Protective Order. I will use Confidential Information solely for the prosecution or defense of the claims in this action and shall not use Confidential Information for any other purpose, including business, commercial, competitive, or personal purposes.

7. Upon the written request of the producing Party, I will destroy or return all Confidential Information that comes into my possession to an attorney representing the Party that provided such documents or information to me. Also, upon the written request of the producing party, I shall certify in writing that the required documents and all copies, thereof, were either returned or destroyed as requested by the producing party.

8. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

Date: _____  Signature: _____

Printed Name: _____