IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02447-MSK-MEH

DILIP CHOPRA, an individual,

    Plaintiff,

v.

TOWNSEND, TOWNSEND AND CREW LLP, a California limited partnership,
DARIN GIBBY, an individual, and
CHAD HILYARD, an individual;

    Defendants.
_____

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND
TO QUASH SUBPOENA**
_____

Before the Court is Plaintiff's Motion for Protective Order and to Quash Subpoena [filed August 26, 2008; docket #71]. The matter is fully briefed and has been referred to this Court for resolution [docket #72]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Plaintiff's Motion is **granted with leave for Defendants to re-serve the subpoena and notice of deposition if warranted**.

**I.    Background**

Plaintiff filed this legal malpractice action against Defendants, his former attorneys, on November 21, 2007. Plaintiff asserts claims for negligence and breach of fiduciary duty under Colorado law based on Plaintiff's belief that Defendants improperly abandoned his patent application proceedings. (Compl. 9, 12.) On March 19, 2008, Defendants filed a Motion to Dismiss contending Plaintiff's malpractice claims are barred by judicial estoppel due to the bankruptcy proceeding Plaintiff initiated in March 2007. (Defs.' Mot. to Dismiss 1-2.) Defendants argue

Plaintiff should have disclosed the legal malpractice action he brings now to be included as an asset in the bankruptcy estate, making the bankruptcy trustee the real party in interest. Defendants contend Plaintiff's failure to "disclose the existence of either the patent applications or the malpractice claims as assets of the bankruptcy estate to the detriment of his creditors bar him (a) from pursuing this action and (b) from recovering damages for his undisclosed assets." (Defs.' Brief in Support of Mot. to Dismiss 2-3.)

In response, Plaintiff asserts an ignorance defense in that he had no knowledge of the legal malpractice claims at or before the time he filed for bankruptcy, therefore he is not precluded from bringing the case at hand. Plaintiff explains, "under Colorado law, [his] interest in this malpractice claim arose *after* discharge because he did not have knowledge of Defendants' conduct prior to discharge. [Furthermore], the patent applications themselves are not the subject of this lawsuit and whether or not they were scheduled in the bankruptcy is irrelevant because the applications became worthless as a result of Defendants' malpractice." (Pl.'s Resp. to Defs.' Mot. to Dismiss 5.)

Both parties acknowledge that under Colorado law, Plaintiff's malpractice claims must have arisen before commencement of Plaintiff's bankruptcy proceeding in order to be included as a requisite part of the bankruptcy estate. (*See* Pl.'s Reply in Support of Pl.'s Mot. for Protective Order 2.) Accordingly, both parties recognize whether Plaintiff had enough information to suggest he had a possible cause of action for legal malpractice against Defendants at the time he filed bankruptcy directly affects Defendants' assertion of judicial estoppel.

Presently, Mr. Brian Smith ("Smith") represents Plaintiff in these legal malpractice proceedings. Defendants served notice of deposition and subpoena *duces tecum* on Smith to acquire

information about and documents of communications between Smith and Plaintiff related to this representation. (Pl.'s Mot. for Protective Order Ex. A, B.) The subpoena demands,

> "any and all documents regardless of format or version pertaining to [Smith's] representation of, or communications with, [Plaintiff] prior to October 17, 2007 [closing of bankruptcy proceedings], including without limitation all correspondence, notes, memoranda, legal research, factual research, files, fee agreements, billing statements, time sheets, work papers, telephone messages, e-mail messages, and draft or final pleadings. (Pl.'s Mot. for Protective Order Ex. A.)

Defendants argue obtaining this particular discovery focused on the substance and communications of the relationship between Plaintiff and Smith prior to the close of bankruptcy is necessary for Defendants to properly respond to Plaintiff's ignorance defense. (Defs.' Resp. to Pl.'s Mot. for Protective Order 3, 4.) Defendants state Plaintiff impliedly waived attorney-client privilege protecting communications between himself and Smith when Plaintiff testified by affidavit why and when he retained Smith. Plaintiff's affidavit testimony purported to rebut Defendants' allegations that Plaintiff's retention of Smith was for purposes of this legal malpractice action, which Defendants believe indicates Plaintiff's pre-bankruptcy knowledge of the malpractice claims. (*Id.* at 6.) Defendants seek to depose and subpoena Smith because they contend Plaintiff may not use "the substance and communications of his attorney-client relationship with [Smith] as a sword to establish [Plaintiff's] purported ignorance," and also shield such assertion with attorney-client privilege and the work product doctrine. (*Id.* at 2.)

## II. Discussion

As determined by the District Court, Plaintiff's right to relief depends on resolving a question of federal patent law, therefore the Court has subject matter jurisdiction pursuant to § 28 U.S.C. 1338(a). (Order Discharging Order to Show Cause 2-3, Feb. 13, 2008.) Privileges in federal

3

question cases are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). The policy of protecting attorney-client privilege encourages "full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Id*. Attorney-client privilege may be waived by the client, who holds the privilege. "The attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party." *In re Qwest Commc'ns Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) (quoting *U.S. v. Ryans*, 903 F.2d 731, 741 n.13 (10th Cir. 1990)). Furthermore, the privilege is lost when "the party claiming the privilege is attempting to utilize the privilege in a manner that is not consistent with the privilege," for example, voluntary disclosure of confidential communications to a third party. *Id.* (citation omitted).

The work-product doctrine as incorporated into the Federal Rules of Civil Procedure provides extensive protection to the "mental impressions, conclusions, opinions, or legal theories" of an attorney concerning the litigation in question. Fed. R. Civ. P. 26(b)(3). As established by the Supreme Court, "the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Qwest*, 450 F.3d at 1186 (citing *U.S. v. Nobles*, 422 U.S. 225, 238 (1975)). Work product may be categorized as opinion, which may be considered absolutely privileged, or non-opinion, which "may be discoverable under appropriate circumstances." *Id.* (citation omitted). Neither the attorney-client

privilege nor the work-product doctrine is absolute or comprehensive to all communications between an attorney and his or her client.

Depositions of opposing counsel should be limited to circumstances where the party seeking to take the deposition has shown that: (1) no means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001) (citing *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). To acquire documents and other tangibles prepared "in anticipation of litigation or for trial by or for another … party's representative," the party seeking such documents and tangibles must show (1) the party seeking the discovery has "substantial need" of the discovery to prepare their case, and (2) the party seeking the discovery is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3); *In re Qwest*, 450 F.3d at 1186.

In their Response, Defendants assert there are no other means to obtain the information they seek because "only [Plaintiff] and Smith hold the information relating to the representation prior to the close of the bankruptcy proceeding." (Defs.' Resp. to Pl.'s Mot. for Protective Order 17.) Notably, Defendants have not deposed or noticed deposition of Plaintiff in this matter, as of the date of Plaintiff's Reply on September 19, 2008. (Reply in Support of Pl.'s Mot. for Protective Order 6-7.) For this reason, the Court grants Plaintiff's Motion, in that a deposition of Plaintiff provides Defendants with a viable alternative means to obtain the information sought from Smith. The Court emphasizes this order is issued with a strong caveat, in that this grant expressly includes leave for Defendants to re-serve the subpoena and notice of deposition to Smith if a deposition of Plaintiff

properly generates the need for further information to be discovered.  Under those circumstances, the Court may revisit the questions of attorney-client privilege and the work-product doctrine as applicable in this case.

**III.  Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order and to Quash Subpoena [filed August 26, 2008; docket #71] is **granted with leave for Defendants to re-serve the subpoena and notice of deposition if warranted**.

Dated at Denver, Colorado, this 2nd day of October, 2008.

                                          BY THE COURT:

                                          s/ Michael E. Hegarty
                                          Michael E. Hegarty
                                          United States Magistrate Judge